# Cypher, Appellant, *v.* Huntingdon & Broad Top Mountain R. R. & Coal Co.

*Negligence—Contributory negligence—Repairing cars.*

Where one employed by a railroad company as a carpenter is engaged in the repair of a car in the yard of the company adjoining its repair shops, and is injured by a shifting engine running in upon the track and bumping the car under which he was at work, and it appears that he knew the engine was liable to run in and had failed to put a red flag on the car he was repairing, the customary signal of warning, his recovery is barred by contributory negligence.

Argued May 12, 1892. Appeal, No. 4, July T., 1892, by plaintiff, Wilson W. Cypher, from judgment of C. P. Bedford Co., Sept. T., 1891, No. 169, compulsory nonsuit. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

Trespass for personal injuries.

On the trial it appeared that plaintiff was employed as a carpenter at defendant's repair shop, and had been so employed for over four months at the time of the accident. Other facts appear by the opinion of the Supreme Court.

The nonsuit was granted by the court below, which afterwards, in an opinion by LONGENECKER, P. J., refused to take it off.

*Errors assigned* were (1) the entry of the nonsuit and (2) the refusal to take it off.

*Alexander King*, with him *A. L. Little* and *Kerr & McNamara*, for appellant, cited Fisher v. R. R. Co., 131 Pa. 297; Express Co. v. Wile, 64 Pa. 201; Hill v. Trust Co., 108 Pa. 3; Carbalis v. Newberry Twp., 132 Pa. 15; P. R. R. Co. v. Werner, 89 Pa. 64; Dick v. Indianapolis R. R. Co., 8 Am. & Eng. R. R. Cas. 103; Patterson v. R. R. Co., 76 Pa. 393–4; Wagner v. Jayne Chemical Co., 147 Pa. 475; Palmer v. Mich. Cent. R. R. Co., Chicago Law Jour., vol. 2, page 449; Rummell v. Dilworth, 131 Pa. 519; Payne v. Reese, 100 Pa. 301–7.

*William M. Hall*, of *Hall & Hall*, for appellee.

Per Curiam, May 23, 1892:

The contributory negligence of the plaintiff so clearly appeared that we do not think it was error in the learned judge below to enter a compulsory nonsuit, and to refuse to take it off. The plaintiff was injured while engaged in the repair of a car of the defendant company. The car was standing upon a side track, where similar repairs were constantly being made. At the time he received the injury he was under the car, engaged in the repairs referred to, and the accident was caused by a shifting engine running in upon the track, and bumping the car under which the plaintiff was at work. It appears, from his own testimony, that he knew the engine was liable to run in while he was at work, and that, in doing so, it frequently bumped the empty car or cars standing on the track. He also knew that if he had put up a red flag on the car which he was repairing, the shifting engine would not have run in, or at least would not have struck the car. He did not put up a flag, although there were plenty of such flags convenient for such purposes, and although he knew the danger of his omitting to do so.

Judgment affirmed.